# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Omer Dale Creech, ) | |
|         Movant, ) | |
| ) | |
| vs. ) | No. 05-1123-CV-W-FJG |
| ) | Crim. No. 04-0045-01-CR-W-FJG |
| United States of America, ) | |
|         Respondent. ) | |

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed November 8, 2005. The Court finds that it has jurisdiction over this matter.

Defendant entered a guilty plea on June 28, 2004. A sentencing hearing was held on November 8, 2004, and the Judgment and Commitment order entered November 9, 2004. Defendant did not file a direct appeal of his sentence.

The issues raised by movant focus on whether or not defense counsel's representation fell below an objective standard of reasonableness and movant was thereby prejudiced.

Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1), respondent's opposition (Doc. #4, filed December 23, 2005), and movant's response thereto (Doc. #6, filed February 9, 2006), and finds that movant's allegations are without merit. Respondent's opposition (Doc. #4) presents a thorough legal analysis of the issues raised by movant. This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed November 8, 2005, is hereby denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record.

        /s/Fernando J. Gaitan, Jr.
        Fernando J. Gaitan, Jr.
        United States District Judge

Dated:   March 15, 2006
Kansas City, Missouri